Citation Nr: 1706028 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 14-19 077 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to service connection for a deviated septum, claimed as a fractured nose.

2. Entitlement to service connection for chronic ear infections with continued drainage and loss of smell and taste. 


REPRESENTATION

Appellant represented by: Arizona Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Bonnie Yoon, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 5, 1972, to September 22, 1972. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.


REMAND

The Board's February 2016 remand directed that the RO obtain all outstanding VA treatment records prior to November 22, 2011 and since February 8, 2013, to include those from the Northern Arizona Health Care System. The record reflects that the RO obtained VA treatment records from the Northern Arizona Health Care System and the New Mexico Health Care System in April 2016. However, the scanned file containing the medical records from the Northern Arizona Health Care System from February 2013 to March 2016 is blank. In addition, there are no VA treatment records prior to November 22, 2011 and it does not appear that the RO attempted to obtain any records from this time period. Therefore, the Board finds that remand is necessary to obtain these missing VA treatment records. See Stegall v. West, 11 Vet. App 268 (1998) (holding that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). 

The February 2016 remand also directed that the Veteran undergo a VA examination to determine whether any deviated septum or residuals thereof, was related to his military service, and a VA examination to determine whether any chronic ear infections with continued drainage and loss of smell and taste found were related to his military service. With respect to both examinations, the examiner was directed to consider the evidence of record, including the Veteran's statements of being struck in the bridge of his nose with a boot during service and subsequently experiencing popping and blocked ears. 

The Veteran was afforded VA examinations in May 2016. The examiner found that the Veteran's conditions were "less likely than not" related to service. In making that determination, the examiner stated that there was no documentation supporting an event in service resulting in an injury to the nose, and that the "first documentation supporting claimed injury is only based on veteran statement decades later." 

However, the examiner's negative opinion was based on the lack of documentation of symptoms or treatment during service. The examiner also improperly discounted the Veteran's lay statements regarding his symptoms based solely on the absence of contemporaneous treatment records. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) (recognizing that lay evidence is potentially competent to support the presence of a disability, including during service, even where not corroborated by contemporaneous medical evidence such as service treatment records); see also Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (holding that lay evidence is competent to establish features or symptoms of injury or illness). A medical examiner cannot rely solely on the absence of medical records corroborating the incurrence or continuity of a disorder, and furthermore, cannot ignore a Veteran's statements regarding lay observable symptoms. See Dalton v. Nicholson, 21 Vet. App. 23, 39-40 (2007) (finding that a VA examiner impermissibly ignored a Veteran's lay assertions that he sustained a back injury during service).

Also subsequent to the May 2016 VA opinion, a private medical opinion from Dr. N.T. was submitted in June 2016. Dr. T. indicated that the Veteran currently suffered from anosmia, and stated that the Veteran had "definite exposures to nasal trauma while he was in service." Dr. T. also opined that it was "very likely that it is indeed the case that nasal trauma led to his anosmia." However, Dr. T. did not indicate what nasal trauma led to the Veteran's anosmia and did not provide a reasoned rationale for the opinion. Dr. T. also did not review the Veteran's claims file. 

Consequently, the Board finds that an additional VA medical opinion is necessary regarding the relationship, if any, between the Veteran's deviated septum and chronic ear infections and his military service. 38 C.F.R. § 3.159 (2016).

Accordingly, the case is remanded for the following actions:

1. The RO must contact the Veteran and afford him the opportunity to identify or submit any additional pertinent evidence in support of his claim. Based on his response, the RO must attempt to procure copies of all records which have not previously been obtained from identified sources. When requesting records not in the custody of a Federal department or agency, such as private treatment records, the RO must make an initial request for the records and at least one follow-up request if the records are not received or a response that records do not exist is not received. All attempts to secure this evidence must be documented in the claims file by the RO.

Regardless of the Veteran's response, the RO must obtain and associate with the claims file:

a) All outstanding VA treatment records prior to November 22, 2011; and

b) All outstanding VA treatment records since February 8, 2013, to include those from the Northern Arizona Health Care System as the records received in April 2016 were not scanned into the claims file.

If, after making reasonable efforts to obtain named records the RO is unable to secure same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claim; and (d) inform the Veteran that he is ultimately responsible for providing the evidence. The Veteran and his representative must then be given an opportunity to respond.

2. After the above development is completed, the RO must obtain a supplemental VA medical opinion from an appropriate physician, regarding whether any deviated septum or residuals thereof, is related to the Veteran's military service, and whether any chronic ear infections with continued drainage and loss of smell and taste is related to the Veteran's military service. The Veteran's electronic claims file must be made available to the examiner, and the examiner must specify in the medical opinion report that the claims file has been reviewed. A VA examination of the Veteran must be provided only if the examiner deems it necessary. 

After a review of the electronic claims file, and with consideration of the service treatment records, post service treatment records, and the Veteran's statements, the examiner must state whether any currently or previously diagnosed nasal disorder, to include a deviated septum, or residuals thereof, is related to the Veteran's active duty service, to include as due to the Veteran's claim of being struck in the bridge of his nose with a boot during service. 

The examiner must also state whether any currently or previously diagnosed chronic ear infections with continued drainage and loss of smell and taste is related to the Veteran's active duty service, to include as due to experiencing popping and blocked ears following an airline flight and to include as due to being struck in the bridge of his nose with a boot during service.

In expressing the opinion, the examiner must also review and discuss the private medical opinion from Dr. N.T. that was submitted in June 2016.

The examiner must provide a complete rationale for all opinions expressed, taking into account all the evidence of record, including the Veteran's lay statements regarding the onset of his disorder. If the examiner discounts the Veteran's statements, he or she must provide a reason for doing so. The examiner cannot discount the Veteran's statements solely because of lack of corroborating treatment records, but may consider inherent plausibility and inconsistency with current clinical observations.

If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. The examiner must indicate whether an opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

3. The RO must review the medical report to ensure that it is in complete compliance with the directives of this Remand. If the report is deficient in any manner, the RO must implement corrective procedures at once.

4. Once the above actions have been completed, and any other development as may be indicated by any response received as a consequence of the action taken above, the claims on appeal must be adjudicated. If the benefits sought remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review.

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).